IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| DANIEL BOZIN, et al., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| -vs- | ) CASE NO. 1:22-CV-01536 |
| | ) |
| KEYBANK, NATIONAL | ) JUDGE CHARLES ESQUE |
| ASSOCIATION, et al., | ) FLEMMING |
| | ) |
| **Defendants.** | ) |

**DEFENDANT OVERBY-SEAWELL COMPANY'S
MOTION FOR EXTENSION OF TIME TO RESPOND TO
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

COMES NOW the Defendant Overby-Seawell Company (hereinafter "Defendant OSC"), by and through Counsel, and pursuant to Federal Rule of Civil Procedure 6(b), moves the Court for an order providing that, if necessary, the time for Defendant OSC to respond to the putative First Amended Class Action Complaint ("Amended Complaint") filed in this matter by Daniel Bozin, James McNichol, Jessica McNichol, Kristi Burk, and Patricia Burk ("Plaintiffs") is extended up to and including 45 days after the Court rules on Defendant OSC's Motion to Stay, filed concurrently herewith.  This is the first request for an extension made by Defendant OSC and is the same relief requested by Defendant KeyBank N.A. ("KeyBank") in its similar motion (Dkt. 22).  In support of this motion, Defendant OSC states the following:

1. This action was initially filed on August 30, 2022.  On September 14, 2022, Plaintiff filed its Amended Complaint.  On September 26, 2022, Defendant OSC agreed to waive service of Plaintiff's Amended Complaint, in accordance with Rule 4(d) of the Federal Rule of

1

Civil Procedure. Accordingly, pursuant to Rule 12(a)(1)(A)(ii) of the Federal Rule of Civil Procedure, Defendant OSC had until November 25, 2022, to respond to the Amended Complaint.

2. Plaintiffs have granted Defendant OSC an additional 14 days to respond to the Amended Complaint, until December 9, 2022. However, that would not even be enough time to complete briefing on Defendant OSC's Motion to Stay, which Plaintiffs have indicated they will oppose. Accordingly, this motion is necessary to allow time for the Court to address the merits of the Motion to Stay without frustrating its purpose. Thus, the purpose of this motion is not to delay but instead to prevent a needless waste of judicial resources and the parties' time.

3. This action is one of eight (8) known lawsuits asserting the same or substantially similar claims against the same defendants on behalf of the same or a substantially similar class of plaintiffs, including:

    a. *Marlowe v. Overby-Seawell Co., et al.,* Case No. 1:22-cv-03648-SDG (N.D. Ga.) (filed 9/9/2022);

    b. *Urciuoli et al., et al. v. KeyBank N.A., et al.,* Case No. 1:22-cv-01598-SO (N.D. Ohio) (filed 9/8/2022);

    c. *Samsel v. Overby-Seawell Co., et al.,* Case No. 1:22-cv-03593-SDG (N.D. Ga.) (filed 9/6/2022);

    d. *Archer, et al. v. Overby-Seawell Company et al.,* Case No. 1:22-cv-03780-SDG (N.D. Ga.) (filed 9/20/2022);

    e. *Martin, et al. v. KeyBank N.A., et al.,* Case No. 2:22-cv-01346-RJC (W.D. Pa.) (filed 9/20/2022);

    f. *Brouty et al v. KeyBank N.A. et al.,* Case No: 1:2022-cv-01885 (N.D. Ohio) (filed 10/19/2022); and

    g. *Pittman v. KeyBank N.A. et al.,* Case No. 2:22-cv-1513-RJC (W.D. Pa.) (filed 10/26/2022)

(collectively, the "KeyBank Bank Matters"). Three of these matters are pending in this District.

277761567v.3

4. On October 18, 2022, plaintiffs *in Martin, et al. v. KeyBank N.A., et al.*, Case No. 2:22-cv-01346-RJC (W.D. Pa.), filed a motion with the JPML seeking transfer and centralization all of the KeyBank Matters in the Western District of Pennsylvania, pursuant to 28 U.S.C. §1407 (the "MDL Motion"). Briefing on the MDL Motion is now complete. Although the various parties differ as to where the cases should be transferred, no party opposed centralization, including Plaintiffs. Although Plaintiffs believe the cases should be centralized in this District, Defendant OSC believes that the United States District Court for the Northern District of Georgia is the appropriate venue.

5. Regardless of venue, because they arise out of the same alleged data breach, this action is plainly a related case and should be coordinated with the other KeyBank Matters. *See* 28 U.S.C. § 1407(a) ("When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."). Assuming centralization of the KeyBank Matters in the MDL Proceeding is approved, the JPML will then issue a Conditional Transfer Order that may have the effect of transferring this action to another United States District Court.

6. On November 1, 2022, Plaintiffs also filed a separate motion to consolidate the three actions pending in this District (Dkt. 21). Although that motion would be mooted by the MDL Proceeding, it appears that no party objects to it. Rather, although KeyBank responded that "it would be premature at this time for this Court to grant plaintiffs' request to file a consolidated complaint and to set a related briefing schedule," it did not argue against consolidation. (*See* Dkt. 24). Accordingly, even if the KeyBank Matters are not centralized in the MDL Proceeding, it

277761567v.3

seems likely that a consolidated complaint will be filed, which would render any response that Defendant OSC may make to the complaint in this matter a nullity.

7. Accordingly, concurrent herewith, Defendant OSC filed a Motion to Stay, seeking an order staying these proceedings until the United States Judicial Panel on Multidistrict Litigation ("JPML") has an opportunity to determine whether centralization of this case with the existing Multidistrict Litigation, *In re: KeyBank Customer Data Security Breach Litigation*, MDL No. 3056 (the "MDL Proceeding") is appropriate.

8. Again, Defendant OSC does not seek this extension for the purpose of delay. Instead, Defendant OSC seeks to avoid the time and expense required to respond to the Amended Complaint while its Motion to Stay is pending. Should this Court grant the stay, these proceedings will be suspended while the JPML considers whether to transfer and centralize this with the other KeyBank Matters. Any work preparing a response to the Amended Complaint would be wasteful and duplicative in the event transfer and centralization are granted. Moreover, because Plaintiffs indicate in their consolidation motion that they intend to file a consolidated complaint, and no party objected to consolidation, it would seem pointless to require Defendant OSC to expend time and resources responding to the existing Amended Complaint.

For the foregoing reasons, Defendant OSC respectfully requests that the Court grant this motion for an extension of time and enter and order stating that, if necessary, the time for Defendant OSC to respond to the Amended Complaint is extended up to and including 45 days after the Court rules on Defendant OSC's Motion to Stay.

                                                                   Respectfully submitted,

DATED: NOVEMBER 25, 2022         WILSON ELSER MOSKOWITZ
                                                        EDELMAN & DICKER LLP

                                                        By: */s/ Geoffrey Belzer*
                                                        Geoffrey Belzer
                                                        Ohio State Bar No. 71899
                                                        55 West Monroe Street, Suite 3800
                                                        Chicago, IL 60603
                                                        Phone: (312) 704-0550
                                                        Fax: (312) 704-1522
                                                        Email: geoffrey.belzer@wilsonelser.com

                                                        *Of counsel:*
                                                        Richard W. Boone Jr.
                                                        *Wilson Elser Moskowitz*
                                                        *Edelman & Dicker LLP*
                                                        150 E 42nd Street
                                                        New York, NY 10017
                                                        Phone: (212) 490-3000
                                                        Fax: (212) 490-3038
                                                        Email: Richard.Boone@wilsonelser.com
                                                        *Attorneys for Defendant*
                                                        *Overby-Seawell Company*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on November 25, 2022, a true and correct copy of the above and foregoing pleading was served on counsel of record through the Court's ECF system.

*/s/* Geoffrey Belzer
GEOFFREY BELZER

277761567v.3