## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL BOZIN, et al. | ) | CASE NO. 1:22-CV-01536 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | **ORDER STAYING CASE PENDING** |
| KEYBANK, N.A., et al., | ) | **DETERMINATION OF JUDICIAL** |
| | ) | **PANEL ON MULTIDISTRICT** |
| Defendants. | ) | **LITIGATION** |

Before the Court is Plaintiffs' Motion to Consolidate (ECF No. 21), Defendant KeyBank, N.A.'s ("KeyBank") Motion for Extension of Time to Answer Amended Complaint (ECF No. 22) and Motion to Stay Action Pending Disposition of Motion to Transfer and Centralize Pursuant to 28 U.S.C. § 1407 (ECF No. 23), Defendant Overby-Seawell's ("OSC") Motion to Stay Action Pending Disposition of Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 (ECF No. 25) and Motion for Extension of Time to Answer Amended Complaint (ECF No. 26), and Plaintiff's Motion for Leave Instanter to File Response to Motion to Stay (ECF No. 27).  For the reasons more fully explained below, Plaintiffs' Motion for Leave (ECF No. 27) is GRANTED; Defendants' Motions to Stay (ECF Nos. 23 & 25) are GRANTED; Defendants' Motions for Extension of Time to Answer Amended Complaint (ECF Nos. 22 & 26) are GRANTED; and Plaintiffs' Motion to Consolidate (ECF No. 21) is HELD IN ABEYANCE pending the Judicial Panel on Multidistrict Litigation's decision on centralizing KeyBank/OSC data breach litigation.

## BACKGROUND

This case is the first of at least ten actions filed against KeyBank and OSC concerning a data breach that allegedly occurred over the summer of 2022 and resulting in the leak of personal

1

identifiable information of KeyBank customers to hackers.[1]  On November 1, 2022, Plaintiffs moved this Court to consolidate this action with two others pending in the Northern District of Ohio—*Urciuoli v. KeyBank NA* (No. 1:22-cv-1598) and *Brouty v. KeyBank NA*, (No. 1:22-cv-1885)[2]—and for this Court to handle those cases as well as "any subsequently filed or transferred related actions, for all purposes, including pretrial proceedings and trial, pursuant to Fed. R. Civ. P. 42(a)." (ECF No. 21, PageID# 144).

Not mentioned in Plaintiffs' Motion is the filing of *In re KeyBank Customer Data Security Breach Litigation*, MDL No. 3056 (the "Panel Action"), which was filed October 28, 2022. Plaintiffs' counsel appeared on Plaintiffs' behalf in the Panel Action on October 21, 2022, and Plaintiffs filed a brief in the Panel Action advocating for transfer of the data breach litigation to the Northern District of Ohio on November 4, 2022.  A hearing is set for January 26, 2023, at which Plaintiffs, through counsel, intend to offer oral argument in support of centralization in this judicial district.

On November 11, 2022, KeyBank moved to stay this action pending a decision in the Panel Action regarding centralization of what may be a multidistrict litigation matter ("MDL").  (ECF No. 23).  KeyBank's Motion explains that all of the briefs filed in the Panel Action, including Plaintiffs' brief, support centralization of the MDL, and that the dispute in the Panel Action is over the venue in which the matter will be centralized.  KeyBank argues that a stay will (1) "prevent

---

[1] *See Samsel v. Overby-Seawell Co.*, No. 1:22-cv-3593 (N.D. Ga. Sept. 6, 2022); *Urciuoli v. KeyBank NA*, No. 1:22-cv-1598 (N.D. Ohio Sept. 8, 2022); *Marlowe v. Overby-Seawell Co.*, No. 1:22-cv-3648 (N.D. Ga. Sept. 9. 2022); *Sheckard v. Overby-Seawell Company*, 1:22-cv-3708 (N.D. Ga. Sept. 14, 2022); *Archer v. Overby-Seawell Company*, No. 1:22-cv-3780 (N.D. Ga. Sept. 20, 2022); *Martin v. Keybank NA*, No. 2:22-cv-1346 (W.D. Pa. Sept. 20, 2022); *West v. Overby-Seawell Co.*, No. 1:22-cv-3858 (N.D. Ga. Sept. 26, 2022); *Brouty v. KeyBank NA*, 1:22-cv-1885 (N.D. Ohio Oct. 19, 2022); *Pittman v. KeyBank NA*, No. 2:22-cv-1513 (W.D. Pa. Oct. 26, 2022).

[2] *Brouty* is already on this Court's docket, while *Urciuoli* is on the docket of Judge Solomon Oliver.

wasteful and duplicative pre-trial proceedings" (ECF No. 23-1, PageID# 182); (2) avoid the prejudice that will result from Defendants being "forced to defend this action in different forums" (*id.*); and (3) not result in any prejudice or hardship to Plaintiffs, since this matter is in early pretrial stages and the requested stay will be short in duration (*id.* at PageID# 183). The same day, KeyBank also asked for an extension of time to file its Answer to the Amended Complaint until after a ruling on its Motion to Stay has been issued. (ECF No. 22).

On November 25, 2022, OSC filed its own Motion to Stay, which is similar to KeyBank's Motion, and argues in addition that Plaintiffs cannot be prejudiced by a stay because they do not oppose centralization in the Panel Action. (ECF No. 25, PageID# 195).

On December 2, 2022, Plaintiffs moved this Court for leave to file an opposition to the motions to stay, which Defendants did not oppose. (ECF No. 25). On December 5, 2022, Plaintiffs filed their opposition,[3] which focuses heavily on the prejudice they will suffer were a stay imposed. (ECF No. 28). Plaintiffs argue that a multi-month delay will prejudice their ability to "commenc[e] discovery as to the scope of the breach and any ongoing threat to Plaintiff's PII being exposed." (*Id.* at PageID# 211). Plaintiffs also note that the Court has yet to set a case management conference and that Defendants have not yet responded to the amended complaint. (*Id.* at PageID# 213). Finally, Plaintiffs argue that judicial economy does not justify a stay because the consolidation of the Northern District of Ohio cases is more efficient, particularly where centralization of all of the cases in this Court has been sought, and Defendants can use substantially similar materials to respond to pleadings, motions, and discovery. (*Id.* at PageID# 214).

---

[3] It is not lost on the Court that Plaintiffs requested leave to file their opposition but did not wait for the Court to grant that Motion before filing their opposition. Although Plaintiffs' opposition was therefore untimely and filed without leave of court, this Court grants leave on the basis of Defendants' consent, which is indicated in the Motion for Leave. (*See* ECF No. 27, PageID# 204).

3

KeyBank and OSC filed Reply Briefs on December 12, 2022, explaining that the need for duplicate efforts in each case and the risk of inconsistent rulings would adversely impact the interests of judicial economy. (ECF No. 29, PageID# 220; ECF No. 30, PageID# 234–35). Defendants point out that the advantages touted by Plaintiffs of consolidation versus a stay are aimed at obtaining "a strategic advantage [in the Panel Action] by pushing this case ahead of the related actions." (ECF No. 29, PageID# 220; *see* ECF No. 30, PageID# 238 (referring to Plaintiffs' opposition to a stay as "gamesmanship")). Defendants both state that Plaintiffs' allegations that the "ongoing threat" caused by the data breach is "rapidly evolving" are conclusory and without factual support (ECF No. 29, PageID# 224; ECF No. 30, PageID# 233). Defendants insist that this case is in its infancy, thus limiting any prejudice that Plaintiffs may suffer from a stay. (ECF No. 29, PageID# 220-21; ECF No. 30, PageID# 232).

## **LEGAL STANDARD**

Although the Judicial Panel on Multidistrict Litigation Rules do not impose an automatic stay on related proceedings, this Court has inherent power to stay proceedings "to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *Glazer v. Whirlpool Corp.*, No. 1:08-cv-1624, 2008 WL 4534133 (N.D. Ohio Oct. 6, 2008) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see* R.P.J.P.M.L. 1.5 ("The pendency of a motion . . . before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.").

When the Judicial Panel on Multidistrict Litigation considers consolidating existing district court cases and a party requests a stay pending the Panel's decision, this Court considers "(1) the potential prejudice to the non-moving party; (2) hardship and inequity of the moving party if the

action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Id.* (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)). It is not uncommon for a district court to use its discretion to stay a case pending the decision by the Panel "regarding the transfer of a case, especially when such a stay would further the policies of judicial economy, efficiency, and consistency that are deeply embedded in the federal multidistrict litigation statute." CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3866.1 (3d ed. 2004).

## ANALYSIS

Here, Defendants' hardship and inquities if a short stay is not imposed outweighs any potential prejudice that Plaintiffs will suffer because of the stay. The Panel Action is set for hearing on January 26, 2023, and will likely be resolved shortly thereafter. This case, on the other hand, is only beginning; while the Complaint was filed on August 30, 2022, Plaintiffs filed an Amended Complaint on September 14, 2022, and Defendants' service waivers gave them until the end of November to move or plead in response to the amended complaint. The parties' disagreement over whether this action should be consolidated or stayed spanned from the beginning of November to the middle of December. A January hearing in the Panel Action will more than likely lead to an expeditious resolution of the centralization issue, and Plaintiffs will have abundant opportunity after that resolution to litigate this matter in whichever forum the Panel chooses. If the Panel does not centralize the cases, this matter will proceed "and no parties will have been prejudiced, nor any time and effort wasted, in the interim." *Glazer*, 2008 WL 4534133, at *2.

Absent a stay, however, Defendants will be forced to address the Amended Complaint, which Plaintiffs have sought permission to amend again as a "consolidated complaint." (*See* ECF No. 21-1, PageID# 158). Defendants have both indicated a desire to file dispositive motions prior

5

to pleading, neither of which would be ripe for decision until at least 45 days from the date of their filing. (*See* ECF No. 29, PageID# 221; ECF No. 30, PageID# 237); *see* Loc. R. 7.1 (dictating 45-day briefing schedule for dispositive motions). It is unlikely that discovery would proceed during that time. In other words, even if this Court were to grant Plaintiffs' Motion to Consolidate and required that the consolidated complaint be filed by mid-January, Defendants' Motion to Dismiss would not be ripe for ruling until the end of March. The Panel Action likely will be resolved prior to that, and Plaintiffs will be in essentially the same position as they would be if a stay were imposed. Defendants, however, will have expended time and resources to file dispositive motions which they would likely have to rework and refile in a centralized case, regardless of forum.

Judicial economy and the likelihood of "duplicative judicial effort counsels against proceeding." *Glazer*, 2008 WL 4534133, at *2. Permitting this case to proceed with motions to dismiss, discovery, and other pretrial matters will put this Court at odds with the Northern District of Georgia, the Western District of Pennsylvania, and the Panel itself, which is tasked with deciding whether the litigation, pretrial proceedings included, should be centralized, and if so, where. Instead, this Court will give the Panel room to decide the centralization issue without interference. This would avoid any confusion or complication that may otherwise ensue. Accordingly, this case is hereby stayed pending a determination in the Panel Action on centralization and venue.

## **CONCLUSION**

This case is in its procedural infancy and a short stay while the Panel Action concludes will not unduly prejudice Plaintiffs. Therefore, Plaintiff's Motion for Leave to Oppose the Stay, Defendants' Motion to Stay, and Defendants' Motions for Extension of Time to Answer the Amended Complaint are all GRANTED. The deadline for Defendants to respond to the Amended

Complaint shall be set by the Court following the conclusion of the Panel Action, if necessary. Plaintiffs' Motion to Consolidate is hereby HELD IN ABEYANCE pending the outcome of the Panel Action. This Court will rule on the Motion to Consolidate following the conclusion of the Panel Action, if necessary.

**IT IS SO ORDERED.**

**Dated: January 3, 2023**

_____
**CHARLES E. FLEMING
U.S. DISTRICT COURT JUDGE**